IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 18 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Teri Coleman
DEPUTY CLERK

| | |
|---|---|
| LEESA S. HUDSON,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE KROGER CO.,<br><br>    *Defendant.* | CIVIL NO. 6:06cv00046<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on June 8, 2007 (docket entry no. 31). Defendant argues that Plaintiff has failed to establish a prima facie case of negligence because: 1) the defect on Plaintiff's premises was open and obvious; and 2) Plaintiff cannot prove that Defendant had actual or constructive notice of the defect. Either of these grounds is independently sufficient to support Defendant's motion. For the following reasons, this motion is hereby GRANTED.

## *I. BACKGROUND*

This is a premises liability case arising out of a slip-and-fall accident, which occurred on July 2, 2005, at a Kroger grocery store in Lynchburg, Virginia. On the date of the accident, Leesa Hudson ("Plaintiff") and her husband entered Kroger and proceeded to the produce section. Plaintiff walked to the watermelon bin and picked up a watermelon. While walking back toward her husband, Plaintiff took two or three steps and fell on cherries that were on the floor, which resulted in injury.

Plaintiff filed suit in Lynchburg Circuit Court, seeking $150,000 in damages. Defendant

- 1 -

removed the action to this Court pursuant to 28 U.S.C. § 1332(a). Defendant now moves for summary judgment, arguing that Plaintiff cannot establish a prima facie case of negligence against it as a matter of law.

## *II. STANDARD OF REVIEW*

Federal Rule of Civil Procedure 56(c) provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party, determines that the Rule 56(c) standard has been met. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc*, 763 F.2d 604, 610 (4th Cir. 1985).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

A court must grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rest upon the mere allegations or

- 2 -

denials of the adverse party's pleading, but ... [must] by affidavits or as otherwise provided in ... [Rule 56] set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Indeed, the nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact."). If the proffered evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Anderson*, 477 U.S. at 242). The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Id.* (quoting *Celotex*, 477 U.S. at 317).

### *III. DISCUSSION*

### A. Plaintiff's Conduct

Defendant argues that summary judgment is appropriate because the defect—the spilled cherries—was open and obvious. Under Virginia law, such a classification means that Defendant had no duty to remediate or provide any warning for the defect, or alternatively, that Plaintiff was contributorily negligent as a matter of law for failing to keep a proper lookout and failing to act as a reasonable person for her own safety.

Under Virginia law, a store owner owes its customers a duty to exercise ordinary care for those customers when they are on the store owner's premises. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (citing *Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962)). An owner has an obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, *except* for those defects that are open and obvious to a reasonable person exercising ordinary care for her own safety. *Knight v. Moore*, 18 S.E.2d 266,

269 (Va. 1942); *Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986) (citing *Appalachian Power Co. v. Sanders*, 349 S.E.2d 101, 105 (Va. 1986); *Indian Acres v. Denion*, 213 S.E.2d 797, 799 (Va. 1975)).

Alternatively, a person who trips and falls over an open or obvious condition or defect is guilty of contributory negligence as a matter of law in Virginia. *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991). Normally, both contributory negligence generally, and the open and obvious nature of a hazard specifically, are jury questions. In clear cases, however, the contributory negligence of the plaintiff may be established as a matter of law. *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 823 (Va. 1990).

In *Scott*, for example, the plaintiff stepped off of a curb at the Lynchburg City Market and broke her hip. She was familiar with the market and had negotiated the curb in the past; on the occasion when she fell, she simply "forgot the curb was there." *Scott*, 399 S.E.2d at 811 (citing *Hill v. City of Richmond*, 53 S.E.2d 810, 813 (Va. 1949)). The court held that whether a condition is open or obvious may in some circumstances be a jury issue, but determined it was not in this case because the plaintiff was aware of the existence of the curb. *Id.* Similarly, in *Tazewell Supply Co. v. Turner*, 189 S.E.2d 347 (Va. 1972), the court held that the plaintiff was guilty of contributory negligence as a matter of law when she tripped over a cardboard box that she did not actually see, but that she would have seen without difficulty if she had been looking down. *Tazewell*, 189 S.E.2d at 350; *see also Gottlieb v. Andrus*, 104 S.E.2d 743, 745 (Va. 1958); *Gall v. Great Atl. & Pac. Tea Co.*, 120 S.E.2d 378, 380 (Va. 1961).

In support of its allegations of contributory negligence, Defendant points emphatically to the deposition testimony of Plaintiff and her husband. In her deposition, Plaintiff admitted multiple times that she wasn't looking at the floor (Leesa Hudson [hereinafter "Leesa"] Dep.

- 4 -

39:25, 47:9), and conceded that, when she was intentionally looking at the floor, she had no trouble seeing the cherries (Leesa Dep. 63:20–23, 64:18–19, 71:4–6). After falling, Plaintiff noted that the cherry smears spanned the entire length of the produce bins (Leesa Dep. 50:9–25) and, most importantly, that the cherries would have been visible to anybody looking at the floor (Leesa Dep. 71:4–23). In his deposition, Plaintiff's husband, who was with Plaintiff at the time of her fall, rather colorfully described the scene: "[t]he only way I can explain [the cherries] to you in layman's terms is it looks like a bunch of little girl scouts went in there or boy scouts. I won't discriminate. And they just threw them all over the floor and munched them." (Gary Hudson [hereinafter "Gary"] Dep. 38:13–17) He estimated that the area of the spill was roughly four feet by eight feet (Gary Dep. 53:8–54:19) and contained several hundred cherries (Gary Dep. 39:9–15).

Hazards that have previously been deemed open and obvious in Virginia include: depressions in parking lot and sidewalk surfaces, *Rocky Mount Shopping Ctr. Assocs. v. Steagall*, 369 S.E.2d 193, 194 (Va. 1988); *Hillsville v. Nester*, 205 S.E.2d 398, 399 (Va. 1974); *West v. City of Portsmouth*, 232 S.E.2d 763, 764 (Va. 1977); boxes in a six-foot-wide, adequately lighted store aisle, *Gottlieb*, 104 S.E.2d at 745; a wet floor where wet footprints were visible, *Newcomb v. Food Lion*, No. 95-3044, 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (unpublished opinion); and, the protruding legs of a stationary three-tier basket, *England v. Food Lion*, No. 6:05-CV-2, 2006 WL 893839, at *2 (W.D. Va. Mar. 31, 2006) (unpublished opinion). Generally, the guiding inquiry is whether the plaintiff would have seen the hazard if she had been looking. *See Tazewell*, 189 S.E.2d at 350; *England*, 2006 WL 893839 at *1. In this regard, Plaintiff's own deposition testimony is particularly illuminating, specifically her statements that: 1) she was not looking at the floor; 2) she had no trouble seeing the cherries when she was intentionally looking

- 5 -

at the floor; and, 3) the cherries would have been visible to anyone who had been looking at the floor.

Plaintiff, in countering Defendant's allegations of contributory negligence, directs the Court to the deposition of the store's manager, James Mays. When questioned by Plaintiff's attorney as to whether it is "fair" to say that the hazard was not open and obvious, Mays agreed. (Mays Dep. 72:22–24) Plaintiff also offers her own declaration, executed four months after her sworn deposition testimony, in which she says that the spill "was not open and obvious in appearance." (Decl. of Leesa Hudson ¶ 3) In countering Defendant's allegations of contributory negligence, Plaintiff offers the *legal* conclusions of Mays and herself as to the nature of the spill, specifically that it was not "open and obvious."

However, Plaintiff's *factual* testimony considered as a whole still leads to the *legal* conclusion that the spill was open and obvious as a matter of law. Plaintiff's factual testimony includes her admission that she wasn't looking at the floor (Leesa Dep. 39:25, 47:9), and that, when she was intentionally looking at the floor, she had no trouble seeing the cherries (Leesa Dep. 63:20–23, 64:15–19, 70:20–71:6). After falling, Plaintiff noted that the cherry smears spanned the entire length of the produce bins (Leesa Dep. 50:9–25), were about fifteen feet in area (Leesa Dep. 50:17-19), were red on a white speckled floor (Leesa Dep. 59:15–60:6) and, most importantly, that the cherries would have been visible to anybody looking at the floor (Leesa Dep. 71:4–23). Plaintiff said that she had no trouble seeing the cherry spill "when [she] intentionally looked down at the floor." (Leesa Dep. 63:20–23). Plaintiff attempts to counter these factual statements made in her deposition with her declaration, executed four months later, containing unsupported legal conclusions. (Decl. of Leesa Hudson) Specifically, Plaintiff states that the spill "was not open and obvious in appearance." (Decl. of Leesa Hudson ¶ 3) Though

- 6 -

Case 6:06-cv-00046-NKM-mfu   Document 40   Filed 07/18/07   Page 6 of 11   Pageid#: 189

"open" and "obvious" are certainly not words outside the general English lexicon, "open and obvious" is a legal categorization in the context of this case, a categorization not supported by Plaintiff's previous factual testimony.

At the hearing, Plaintiff's attorney suggested that the watermelon Plaintiff was carrying at the time of her fall may have contributed to the accident. While it may be true that carrying the watermelon contributed to her fall, the voluntary actions taken by Plaintiff that reduced her subjective awareness of her surroundings do not preclude classifying a hazard as open and obvious. *See S. Floors & Acoustics, Inc. v. Max-Yeboah*, 594 S.E.2d 908 (Va. 2004) (citing *City of Norfolk v. Dail*, 47 S.E.2d 405, 409 (Va. 1948)) ("When a plaintiff is injured by an open and obvious defect, it is his burden to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it .... When they do not exist the law charges the party with failure to do what was required of him.") (internal quotation marks omitted). Allowing Plaintiff to claim that she did not see the defect because she was carrying the watermelon would be synonymous with allowing her to claim she failed to hear something because she had her hands over her ears. Plaintiff cannot voluntary reduce her subjective awareness of her surroundings and not be held responsible for a defect she failed to observe as a result.

Viewing the facts and drawing reasonable inferences in the light most favorable to Plaintiff, it is clear that the defect on Defendant's premises was open and obvious. Thus, Defendant had no duty to warn Plaintiff of the defect, Plaintiff is guilty of contributory negligence, and Defendant is entitled to judgment as a matter of law on this issue. Defendant presents a secondary argument that provides an additional, independently sufficient, grounds for granting summary judgment: that Plaintiff cannot prove that Defendant had notice, actual or

- 7 -

Case 6:06-cv-00046-NKM-mfu   Document 40   Filed 07/18/07   Page 7 of 11   Pageid#: 190

constructive, of the defect on its premises.

## B. Notice

Under Virginia law, a store owner is not an insurer of an invitee's safety, but he must remove from the floor any foreign objects that he knew or should have known had been placed there that might pose a hazard. *Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966); *Colonial Stores, Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962). Accordingly, in a premises liability case, the plaintiff must introduce evidence that the premises owner had actual or constructive notice of a defective condition in order to establish a prima facie case of negligence. *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993). "Inferences must be based on facts, not on presumptions. It is incumbent upon the plaintiff to show why and how the accident happened. If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover." *Murphy v. Saunders, Inc.*, 121 S.E.2d 375, 378 (Va. 1961).

The record provides no evidence that Kroger had actual notice that the cherries were on the floor prior to Plaintiff's fall. It would seem that Plaintiff concedes as much— her brief makes no mention of actual knowledge and proceeds directly into arguing that Defendant had constructive notice of the defect. According to his declaration, store manager Mays lacks firsthand information or knowledge as to how the cherries came to be on the floor, how long they were on the floor, and who was responsible for the cherries being on the floor. (Decl. of John Norman Mays ¶¶ 1–6) Plaintiff testified that she also has no firsthand knowledge of this information. (Leesa Dep. 89:5–92:7)

Because Plaintiff cannot establish actual notice, she must prove constructive notice. Constructive notice of a defective condition of the premises may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with

notice of its defective condition. *Grim*, 434 S.E.2d at 890. In *Grim*, the Virginia Supreme Court held that "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case" of negligence. *Grim*, 434 S.E.2d at 890 (emphasis in original). Proving when the spill occurred is necessary to show that Defendant should have discovered it.

At the hearing, Plaintiff's counsel suggested that the condition of the spilled cherries could lead to a finding that they were on the floor for a sufficient amount of time to impute constructive notice to Defendant. In *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311 (Va. 1962), the Supreme Court of Virginia observed that there are a minority of jurisdictions which hold that the condition of spilled substances—"withered," "old looking," "dirty," "grimy," *id.* at 313—is all that is needed to allow a jury to infer that the substance had been on the floor a sufficient length of time to require the defendant in the exercise of reasonable care to have known of its presence.

The Court then summarily rejected this approach, finding it to be "a liberal expansion of the doctrine of 'constructive notice' in the law of negligence." *Id.* at 314. Plaintiff argues that her case is distinguishable because in *A&P* the produce was underneath a shelf, and in this case the cherries were in the middle of the aisle. However, the Court's rejection of using the condition of produce in *A&P* is not a function of location, but rather rests squarely on the Court's unwillingness to have the jury speculate or guess as to how long the produce was on the floor using only the appearance of the produce. *Id.* Specifically, "the celery could have been dropped by a customer only minutes before the plaintiff stepped on it. To conclude otherwise would be to speculate or guess." *Id.* The same is true given the facts of this case. Without more than the evidence on record, the jury would be asked to speculate or guess as to how long the cherries were on the floor.

Defendant also relies on *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649 (Va. 1990), in its brief. In *Winn-Dixie*, the Virginia Supreme Court held that the plaintiff failed to establish constructive notice because "[i]t [was] just as logical to assume that [the produce] was placed on the floor an instant before [the plaintiff] struck it as it is to infer that it had been there long enough that [the defendant] should, in the exercise of reasonable care, have known about it." *Id.* at 651. Plaintiff contends that *Winn-Dixie* is inapplicable because the store manager said in his deposition that the fruit should have been cleaned up before it dried. However, the mere assertion by a Kroger manager that the grocery store should be kept clean is merely smart consumer relations, not some smoking gun that retroactively imputes constructive notice— contemporaneous to Plaintiff's fall— to the Defendant.

In *Woods v. Wal-Mart Stores*, No. 3:05CV048, 2005 WL 2563178 (E.D. Va. Oct. 12, 2005), the plaintiff believed that the condition of a spilled liquid, "described as dirty, drying, and in which cart tracks were purportedly seen," demonstrated that the spill was on the floor sufficiently long to impute constructive notice to the defendant. The court rejected that contention, relying on *A&P*, *Winn-Dixie*, and *Colonial Stores v. Pulley*, 125 S.E.2d 188 (Va. 1962). The description of the condition of the spill in *Woods* is remarkably similar to that in the instant case, and Plaintiff has failed to show why her case is distinguishable from the long line of Virginia cases finding that the appearance of a spill is insufficient to hold that the defendant had constructive notice of the spill. Without relying on the condition of the spill, Plaintiff cannot prove when the spill occurred and thus cannot make out a prima facie case of negligence. *Grim*, 434 S.E.2d at 890.

- 10 -

Case 6:06-cv-00046-NKM-mfu Document 40 Filed 07/18/07 Page 10 of 11 Pageid#: 193

## IV. CONCLUSION

Viewing the facts and drawing reasonable inferences in the light most favorable to Plaintiff, it is clear that the defect on Defendant's premises was open and obvious. Thus, Defendant had no duty to warn Plaintiff of the defect, Plaintiff is guilty of contributory negligence, and Defendant is entitled to judgment as a matter of law. Alternatively, Plaintiff cannot establish that Defendant had actual or constructive knowledge of the spill, and has failed to make out a prima facie case of negligence, entitling Defendant to summary judgment as a matter of law. For the foregoing reasons, Defendant's Motion for Summary Judgment (docket entry no. 31) is hereby GRANTED, this case is hereby DISMISSED, and the Clerk of the Court is hereby ordered to STRIKE this case from the Court's docket.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: July 18, 2007